## Miller, Appellant, *v.* Cridge.

*Courts—Common pleas—Jurisdiction—Bill to enforce promise to devise lands—Appeals—Costs.*

1. Where a bill in equity to enforce a promise of a decedent to devise lands is brought in the common pleas, and dismissed after trial on the merits, the appellate court will enforce the decree on the ground only that the court below had no jurisdiction, without prejudice to plaintiff's right to proceed in the orphans' court.

2. In such case as plaintiff instituted proceedings in the wrong court, the costs will be placed upon her.

Argued October 9, 1925. Appeal, No. 161, March T., 1925, by plaintiff, from decree of C. P. Allegheny Co., April T., 1925, No. 378, dismissing bill in equity, in case of Rosie E. Miller v. Lilian A. Cridge. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to enforce alleged promise to devise lands. Before CARPENTER, J.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree dismissing bill, quoting bill of exception.

*John B. Nicklas, Jr.,* for appellant.

*John E. McCalmont,* for appellee.

PER CURIAM:

And now, October 30, 1925, it appearing to this court that the court below, which dismissed plaintiff's bill, had no jurisdiction to consider the cause of action specified therein, the decree is affirmed for this reason only, but without prejudice to plaintiff's right to proceed in the proper tribunal. Since plaintiff instituted the proceedings in question in the wrong court, the costs are put upon her.